[No. 1568. Decided March 16, 1895.]

Port Townsend National Bank, *Respondent*, v. Andrew Weymouth, *Appellant*.

JUDGMENT — PREMATURE ENTRY — MOTION TO VACATE.

The premature entry of a judgment upon the verdict of a jury before notice of a new trial could be interposed, is not ground for vacating the judgment, when the motion for a new trial has, nevertheless, been given a full hearing and decided on its merits.

*Appeal from Superior Court, Jefferson County.*

*Morris B. Sachs* and *George H. Jones,* for appellant. *Carroll & Rohde,* for respondent.

The opinion of the court was delivered by

Scott, J.—A verdict was found in favor of plaintiff on the 1st day of June, 1893. Judgment was rendered thereon on the following day. Thereafter, on the 3d day of June, the defendant filed and served a notice of intention to move for a new trial, and on the fifth day of said month filed such motion. Before the determination thereof and on June 13th, the defendant also

filed a motion to vacate the judgment on the ground that it had been prematurely entered. This motion was heard and determined against the defendant on the 21st day of said month; and the motion to set aside the verdict and for a new trial was denied on the 14th day of December following.

The only point raised upon this appeal is that the court erred in refusing to vacate the judgment. There seems to be some inconsistency in the statutes relating to motions for a new trial and for rendering judgments on verdicts. Sec. 404, Code Proc., provides that the party intending to move for a new trial must within two days after the verdict of the jury, etc., file and serve a notice of his intention to so move; while § 435 provides that judgment shall be entered upon a verdict within five days after the filing thereof, unless a motion for a new trial shall have been filed, etc. In this case the judgment was rendered within the five days and before notice of an intention to move for a new trial had been given, but within the two days allowed the defendant to give notice of such intention.

Conceding that the judgment was prematurely entered, we do not think the action of the court should be set aside or reversed under the circumstances of this case, for it clearly appears that the defendant lost no substantial rights in the premises. His motion for a new trial was thereafter heard upon the merits and was denied; and we think for this reason, at least, the point is not well taken and the judgment should be affirmed.

HOYT, C. J., and DUNBAR, ANDERS and GORDON, JJ., concur.